UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA D. LAMBERT,<br><br>                    Plaintiff,<br><br>     v.<br><br>CHIEF WILLIAM DENNIS, et al.,<br><br>                    Defendants. | CASE NO. C15-1213-RSM-MAT<br><br>ORDER RE: PENDING MOTIONS |

Plaintiff Joshua Lambert proceeds *pro se* and *in forma pauperis* (IFP) in this civil rights action pursuant to 42 U.S.C. § 1983. There are a number of ripe motions pending before the Court. Having considered several of those motions, any papers filed in opposition, and the remainder of the record, the Court finds and concludes as follows:

(1)     Defendants' unopposed Motion for Order Authorizing Filing of Inmate Records (Dkt. 28) is GRANTED. Defendants are authorized to file and otherwise rely upon any records maintained by the Island County Correctional Facility (ICCF) as a result of plaintiff's incarceration between October 3, 2011 and August 21, 2013 as deemed necessary to support contentions, claims, or defenses in this matter.

(2)     Plaintiff filed a Motion to Sign Subpoena Duces Tecum. (Dkt. 33.) He "seeks to

ORDER RE: PENDING MOTIONS
PAGE - 1

subpoena [ICCF] c/o Jail Administrator." (*Id*. at 1.) This is the third such motion filed by plaintiff. (*See* Dkts. 10, 24.) As before, plaintiff fails to follow the proper procedures for securing and serving a subpoena, fails to show he seeks information falling within the scope of permissible discovery and otherwise not imposing an undue burden, fails to satisfy the Court the costs associated with the subpoena are appropriately borne by the United States Marshal's Office and/or the third party upon whom plaintiff seeks to serve the subpoena, and fails to make clear he would be unable to seek the information and/or records he seeks by way of discovery propounded directly on a named defendant. (*See* Dkt. 16 at 2-4 and Dkt. 25 at 5-6.)[1] In fact, plaintiff states he has received production of most records and that a "few items" were not produced, and has now succeeded in naming Island County as a defendant.

Plaintiff's motion (Dkt. 33) is DENIED for all of the reasons previously identified in relation to plaintiff's first two subpoena-related motions (*see* Dkts. 16, 25). Plaintiff is directed to seek any outstanding discovery from defendants by mailing requests for production of documents or other discovery requests directly to those parties.

(3) Plaintiff filed a Motion for Extension of Time to respond to a motion for summary judgment filed by defendant William Dennis. (Dkt. 32.) He bases this request on issues associated with the law library and his research and writing needs, and because his responsive brief was due prior to both the completion of discovery and the expiration of the time granted him to file an amended complaint. (*See id*. at 3-5.) Plaintiff also filed a motion to allow for an over-length brief. (Dkt. 35.) He attaches to that motion a brief responsive to defendant's dispositive motion to be considered if the Court denies an extension of time. (*See* Dkt. 35-1.)

---

[1] In contrast to prior motions, plaintiff now arguably shows he can afford some expenses associated with a subpoena by stating that his mother has agreed to pay copy fees. (Dkt. 33 at 1.)

ORDER RE: PENDING MOTIONS
PAGE - 2

Plaintiff requests the additional pages given the five different claims at issue in this case and the need to respond to the arguments raised in the motion for summary judgment.

Defendants request that the motion for an extension of time be denied and the responsive brief stricken as untimely. (Dkt. 36.) Defendants further argue that plaintiff fails to meet the requirements for deferring consideration of the motion for summary judgment. *See* Fed. R. Civ. P. 56(d) (court may defer considering motion for summary judgment, deny motion, allow additional time, or issue any other appropriate order where nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition). *See also Continental Maritime of San Francisco, Inc., v. Pacific Coast Metal Trades District Council*, 817 F.2d 1391, 1394 (9th Cir. 1987) ("The mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance" on a motion for summary judgment).

Considering plaintiff's *pro se* status and the reasoning provided for an extension of the filing deadline, plaintiff's motion for an extension of time (Dkt. 32) is GRANTED. The Court herein extends the deadline for responding to the motion for summary judgment until the requested date of **February 15, 2016**. The motion for summary judgment (Dkt. 29) is RENOTED for consideration on **February 19, 2016**, and defendants should submit a reply brief on or before that same date.

A responsive brief submitted by plaintiff should address and provide any additional documentation relating to the proper exhaustion of his claims. Plaintiff is advised that there is no question exhaustion under the Prison Litigation Reform Act (PLRA) is mandatory and that unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211-12, 218 (2007); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

Plaintiff's motion to allow an over-length brief (Dkt. 35) is also GRANTED. However, should plaintiff again seek to submit additional pages in a brief submitted on or before February 15, 2016, he must submit a motion to file an over-length brief compliant with Local Civil Rule (LCR) 7(f), and any amended brief may not exceed the thirty-six pages of substantive text contained in the brief already submitted to this Court (*see* Dkt. 35-1). *See* LCR 7(f) (motion to file over-length brief shall be filed as soon as possible, but no later than three days before underlying brief is due, shall be noted for consideration on the day it is filed, shall not exceed two pages in length, and shall request a specific number of additional pages), and LCR 7(e)(6) (captions, tables of contents, table of authorities, signature blocks, and certificates of service need not be included within page limit).

(4)   The Court, in sum, herein GRANTS defendants' Motion for Order Authorizing Filing of Inmate Records (Dkt. 28), DENIES plaintiff's Motion to Sign Subpoena Duces Tecum. (Dkt. 33), and GRANTS plaintiff's motion for an extension of time (Dkt. 32) and motion to allow for an over-length brief (Dkt. 35).

(5)   The Clerk is directed to send a copy of this Order to the parties and to the Honorable Ricardo S. Martinez.

DATED this 22nd day of January, 2016.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PENDING MOTIONS
PAGE - 4