UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA D. LAMBERT,<br><br>                  Plaintiff,<br><br>    v.<br><br>CHIEF WILLIAM DENNIS, et al.,<br><br>                  Defendants. | CASE NO. C15-1213-RSM-MAT<br><br>ORDER RE: PENDING MOTIONS |

Plaintiff Joshua Lambert proceeds *pro se* and *in forma pauperis* (IFP) in this civil rights action pursuant to 42 U.S.C. § 1983. There are numerous motions pending before the Court. Having considered those motions, any papers filed in opposition, and the remainder of the record, the Court finds and concludes as follows:

(1) Plaintiff filed a Motion for Leave to Amend his Authentication of his Grievances (Dkt. 67), followed shortly thereafter by a Motion to Withdraw and/or Strike [the Motion to Amend] (Dkt. 70). In the latter, plaintiff states he wishes to withdraw the motion for leave to amend "because if summary judgment is granted I wish to write a motion to amend regarding everything stated in that order[,]" and because he wrote it "in haste" and wanted to change his argument. (Dkt. 70 at 1-2.) Plaintiff's motion to withdraw and/or strike (Dkt. 70) is GRANTED

ORDER RE: PENDING MOTIONS
PAGE - 1

and the motion to amend (Dkt. 67) is STRICKEN from the docket. The Court, however, advises plaintiff that the content of and attachments to the motion to amend may nonetheless be considered in relation to any dispositive motions filed in this matter.

(2) Plaintiff filed a Motion to Give [him] Access to his Legal Records (Dkt. 72) and a Motion to Order [Washington State Penitentiary (WSP)] to Allow Plaintiff Access to Audio Recordings (Dkt. 73). In the first motion, plaintiff asks that the Court order WSP to allow him five hours to go through twenty-five boxes of legal materials, which would be brought to the prison by his Mother. He also asks that WSP staff be allowed to search the records for contraband, but not to photocopy, read, or disclose the contents of the records to anyone. In the second motion, plaintiff states that WSP requires all audio recordings to be mailed from a court, and asks that this Court direct WSP to allow him to have audio recordings mailed to him by his Mother.

These motions, like others before them (*see* Dkts. 62, 68 & 75), request that the Court order WSP to take action or accommodate plaintiff in some way. Because WSP is not a party to this matter, the Court lacks jurisdiction to direct WSP to act or accommodate plaintiff as he requests. Accordingly, plaintiff's motions regarding access to his legal records (Dkt. 72) and audio recordings (Dkt. 73) are DENIED. **The Court further directs plaintiff to abstain from filing similar motions in the future. Should he file any such motion, it will be stricken from the docket**.

(3) Plaintiff filed a Motion to Extend Discovery (Dkt. 71) and Motion to Order Defendant Dennis to Answer Extra Interrogatories (Dkt. 80). He requests the extension in order to acquire the records in his Mother's possession and to obtain an expert report, and, after unsuccessfully seeking a stipulation from Dennis, seeks answers to sixteen interrogatories above

ORDER RE: PENDING MOTIONS
PAGE - 2

the amount allowed by the Federal Rules of Civil Procedure.

Plaintiff has had ample time, including two extensions (*see* Dkts. 25 & 29), to obtain discovery from Dennis. He has had over two-and-a-half years, since September 2013 (*see* Dkt. 44-9), to obtain documents from his Mother. However, with consideration of plaintiff's *pro se* status and in the interest of ensuring he be provided a full and fair opportunity to obtain information, documents, and an expert report, the Court GRANTS in part and DENIES in part the motion for an extension (Dkt. 71) and motion for extra interrogatories (Dkt. 80). The discovery deadline is extended as to Dennis for the limited purpose of allowing a total of **ten (10)** additional interrogatories. Plaintiff is also afforded additional time to seek discovery from defendant Island County, and to continue his efforts to obtain documents from his Mother and an expert report.

The discovery deadline is herein extended, within the parameters described above, to **June 1, 2016**, and the dispositive motion deadline is extended to **July 1, 2016**. **Plaintiff is advised that no further extensions of the discovery or dispositive motion deadlines will be granted in this matter**.

(4)   Plaintiff's Motion for Disclosure of Witnesses (Dkt. 79) is DENIED as premature.

(5)   The docket also includes a Motion to Allow Plaintiff to Make an Amendment to his Second Amended Complaint and to Enter a Stay. (Dkt. 77.) He requests an amendment regarding and a stay on the Court's consideration of his claim that Dennis's confiscation of his legal materials violated his constitutional right of access to the courts. Plaintiff asserts that, because he maintains the "actual injury" he incurred was the loss of his criminal trial, this claim is barred and does not accrue until his criminal conviction is overturned. *Heck v. Humphrey*, 512 U.S. 477, 479 (1994) (where a § 1983 action implies the invalidity of a criminal conviction or

sentence, the action may not proceed unless plaintiff first succeeds in overturning the underlying conviction or sentence through direct appeal or a post-conviction type of proceeding). The remainder of plaintiff's motion and proposed amendment addresses his desire that Dennis be required to pay for an attorney, investigator, or paralegal to bring the twenty-five boxes of legal materials to WSP, and that his Mother be paid for the time she has spent searching for documents.

Pursuant to *Heck v. Murphy*, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487 (emphasis added). Because plaintiff seeks only a stay on the Court's consideration of this claim, rather than dismissal, his motion for an amendment and stay (Dkt. 77) is DENIED. Plaintiff may, however, submit a motion to dismiss his access to courts claim without prejudice to his future pursuit of such a claim following a successful invalidation of his conviction. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (dismissal under *Heck* "required to be without prejudice so that Trimble may reassert his claims if he ever succeeds in invalidating his conviction.") The Court will otherwise address plaintiff's access to courts claim, and any bar pursuant to *Heck*, in relation to summary judgment.

(6) The Court further finds it prudent to STRIKE the noting date of the pending Motion for Summary Judgment filed by Dennis (Dkt. 29) so that the motion may be considered following the completion of discovery and in conjunction with any additional dispositive motion(s) that may be filed. The Court will re-note the motion to coincide with either another dispositive motion or the dispositive motion deadline itself.

(7)     The Clerk is directed to send a copy of this Order to the parties and to the Honorable Ricardo S. Martinez.

DATED this 9th day of May, 2016.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PENDING MOTIONS
PAGE - 5