UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA D. LAMBERT,<br><br>                    Plaintiff,<br><br>        v.<br><br>CHIEF WILLIAM DENNIS, et al.,<br><br>                    Defendants. | CASE NO. C15-1213-RSM<br><br>ORDER DISMISSING ACTION |

Plaintiff Joshua Lambert proceeds *pro se* and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, who is currently incarcerated by the Washington Department of Corrections ("DOC") and confined at Washington State Penitentiary ("WSP"), raises claims relating to his prior confinement at Island County Correctional Facility ("ICCF"). He names former ICCF Jail Administrator William Dennis and Island County as Defendants.

Plaintiff alleges Mr. Dennis violated his constitutional rights by: (1) housing him in administrative segregation because of his status as a pro se criminal defendant and without the opportunity for a hearing; (2) ordering jail staff to confiscate his legal materials after he lost the

ORDER DISMISSING ACTION
PAGE - 1

ability to proceed *pro se* in his criminal trial; (3) directing jail staff to place him in a Behavior Modification Module ("BMM"), without any clothing, bedding, or furnishings, after he assaulted Dennis; (4) placing him on suicide watch, with clothing, bedding, and finger food restrictions, after the verdict in his trial and without the assessment of a mental health professional; and (5) not giving him requested antipsychotic medication or a medical visit for the voices he was hearing in his head. Dkt. #42 at 4-8. He challenges alleged Island County customs/policies of (1) placing *pro se* criminal defendants in administrative segregation; (2) "to not have adequate mental health access;" (3) allowing "for an inmate to be placed in a strip cell without clothing, bedding or furniture for assaultive behavior;" and (4) "forbid[ding] plaintiff from receiving medication." *Id*. at 8-12. Mr. Dennis and Island County filed Motions for Summary Judgment. Dkts. #29 and #88. Plaintiff opposes the motions. On November 4, 2016, Magistrate Judge Mary Alice Theiler issued a Report and Recommendation ("R&R") recommending the Court grant Defendants' Motions and dismiss this matter with prejudice. Dkt. #116.

Objections were due no later than November 25, 2016, twenty-one days after the R&R was signed. *Id*. at 46. This deadline was seven days longer than that required by Local Rule. *See* LCR 72. Objections were limited to twelve pages under Local Rule. *Id.*

Plaintiff filed his Objections to the R&R on November 29, 2016, using the Prisoner e-filing system. Dkt. #117. Plaintiff's Objections totaled 34 pages, approximately 24 of which were briefing. *See id.* At the same time, Plaintiff filed a Motion for Leave to allow extra pages and to extend the deadline. Dkt. #118. In Response to the Objections, Defendant Dennis moved to strike Plaintiff's Objections as untimely and in excess of the page limit. *See* Dkt. #119 at 2-3. On December 20, 2016, Plaintiff filed a Reply brief. Dkt. #123.

As an initial matter, Local Rule 72 forbids Plaintiff from filing a Reply brief unless one is

ORDER DISMISSING ACTION
PAGE - 2

ordered by the Court. LCR 72(b) ("no reply will be considered."). The Court will not consider Plaintiff's Reply and will deny Plaintiff's Motion to extend the deadline for that Reply. Turning to Defendant's Motion to Strike, the Court agrees that Plaintiff's Objections are untimely and in excess of the page limit set forth by the Local Rules. Plaintiff was well aware that he was filing past the deadline as indicated by his Motion for Leave. It is not automatically permissible for Plaintiff to file late objections and simultaneously move for relief from the deadline. LCR 7(j). Local Rule 7(j) states that such a motion should be filed before the deadline, and that "[p]arties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." *Id*. The local rule contemplates an emergency procedure for requesting relief; there is no evidence before the Court that Plaintiff's circumstances constituted an emergency or that Plaintiff followed the procedure set forth in the Local Rule. The Court may extend a deadline after the fact based on a motion that establishes "excusable neglect." Fed. R. Civ. P. 6 (b)(1)(B). Although the Court understands Plaintiff's alleged difficulties in access the prison law library, Plaintiff's Motion for Leave does not explain why he could not have filed his Objections prior to the last possible day when the law library was closed. Plaintiff fails to explain why he could not have moved for relief from the deadline prior to the deadline. The Court agrees with Defendant Dennis who argues that Plaintiff has made numerous electronic filings over the long course of this litigation and as a result should have been "fully aware of when he had access to the law library." Dkt. #119 at 2-3. Accordingly, the Court will strike Plaintiff's Objections as untimely. The Court notes that even if it had considered Plaintiff's Objections, Plaintiff fails to demonstrate factual mistake or legal error in the R&R.

The Court, having reviewed Plaintiff's civil rights complaint, the Report and Recommendation of Mary Alice Theiler, United States Magistrate Judge, and the remaining

ORDER DISMISSING ACTION
PAGE - 3

1  record, does hereby find and ORDER:

2      (1)    Plaintiff's Motion for Leave, Dkt. #118, is DENIED;

3      (2)    Plaintiff's Objections, Dkt. #117, are STRICKEN as untimely;

4      (3)    Plaintiff's Motion to Extend Deadline, Dkt. #122, is DENIED;

5      (4)    The Court adopts the Report and Recommendation, Dkt. #116;

6      (5)    Defendants Motions for Summary Judgment, Dkts. #29 and #98, are GRANTED;

7      (6)    Plaintiff's complaint, and this action, are DISMISSED with prejudice; and

8      (7)    The Clerk is directed to send copies of this Order to the parties and to the

9      Honorable Mary Alice Theiler.

11  DATED this 27 day of December 2016.

14                            RICARDO S. MARTINEZ
                              CHIEF UNITED STATES DISTRICT JUDGE